

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AXB
F. #2020R00946

*610 Federal Plaza*
*Central Islip, New York 11722*

January 21, 2021

<u>By FedEx and ECF</u>

Gary Schoer, Esq.
6800 Jericho Turnpike
Syosset, New York 11791

   Re: <u>United States v. Torres Rivas</u>
     <u>Criminal Docket No. 20-CR-494 (GRB)</u>

Dear Mr. Schoer:

  Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I. <u>The Government's Discovery</u>

  A. <u>Statements of the Defendant</u>

  The following items, containing statements of the defendant, are enclosed:

- Redacted copy of a Statement of Rights form signed by the defendant (RIVAS_000001);

- Redacted copy of an FBI report of interview with the defendant (RIVAS_000012 – 000006); and

- Redacted copy of a Bloomfield, Connecticut Police Department Case/Incident Report (RIVAS_000007 – 000012).

  B. <u>The Defendant's Criminal History</u>

  Redacted copies of the defendant's criminal history records are enclosed and Bates-numbered RIVAS_000013 through RIVAS_000028.

C. <u>Documents and Tangible Objects</u>

The following items are enclosed:

- Color photographs taken during the judicially-authorized search of 194 Wellesley Street, Hempstead, New York on October 7, 2020 (RIVAS_000029 - 000057);

- Color photographs of clothing items recovered from 194 Wellesley Street, Hempstead, New York and 600 Fulton Avenue, Apartment 16E, in Hempstead, New York, all on October 8, 2020 (RIVAS_000058);

- Copy of records obtained from Snapchat, Inc. concerning usernames "Geovr19" and "Geovanny_z6134" (RIVAS_000059 – 000063);

- Copy of records obtained from Optimum concerning the IP Address 68.195.73.244 (RIVAS_000064); and

- Copy of the extraction report generated following the judicially-authorized search of the defendant's cellphone on October 7, 2020 (RIVAS_000065).[1]

The government is also in possession of additional images and data extracted from electronic devices seized from the defendant, which have not been produced pursuant to 18 U.S.C. § 3509. You may examine this evidence, as well as any original copies of the documents identified above by calling me to arrange a mutually convenient time.

D. <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

F. <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to

---

[1] For ease of reference, also enclosed are the specific pages of the extraction report containing the materials referenced in the Indictment.

2

produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

      G.      Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.      The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.      Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's

position that BOP email communications, including those between the defendant and his attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by January 29, 2021.  To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney with the list of email addresses in the body of the email.  If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

SETH D. DuCHARME
Acting United States Attorney

By:     /s/ Anthony Bagnuola
        Anthony Bagnuola
        Assistant U.S. Attorney
        (631) 715-7849

Enclosures

cc:     Clerk of the Court (GRB) (by ECF) (without enclosures)